Timothy R. **DAVIS,** Plaintiff–Appellant,

v.

Michael J. **ASTRUE,*** Commissioner Social Security Administration, Defendant–Appellee.

No. 05–36207.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 14, 2008.

---

* Michael J. Astrue, who was sworn in as Commissioner of the Social Security Administration on February 12, 2007, is substituted as the defendant-appellee pursuant to Fed. R.App. P. 43(c)(1).

Drew L. Johnson, Esq., Kathryn Tassinari, Esq., Drew L. Johnson, PC, Eugene, OR, for Plaintiff–Appellant.

Thomas Elsberry, SSA—Social Security Administration Office of the General Counsel Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM **

Timothy Davis appeals the district court's judgment affirming the Commissioner of Social Security's denial of Davis' application for social security disability benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28

U.S.C. § 1291. We review the district court's judgment de novo. *Schneider v. Comm'r of Soc. Sec. Admin.,* 223 F.3d 968, 973 (9th Cir.2000). We must affirm the Commissioner's denial of benefits if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and not based on legal error. *See id.* We affirm.

■ The ALJ's findings are supported by substantial evidence. The ALJ articulated a clear and convincing reason for rejecting Davis' symptom testimony by explaining that although Davis testified to incapacitating symptoms, he did not seek treatment for those symptoms. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) (finding it appropriate to consider "an unexplained, or inadequately explained, failure to seek treatment" in discrediting pain testimony).

■ The ALJ also provided specific, legitimate reasons for rejecting Dr. Curtin's controverted opinion that Davis could not sustain light work. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1148–49 (9th Cir. 2001). The ALJ explained that (1) Dr. Curtin's opinions varied over time, despite an essentially static medical situation; (2) the medical record showed that Davis recovered from congestive heart failure in 2000, and there was no evidence of a relapse; and (3) Davis' other impairments would not significantly worsen his functional abilities.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.